UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KATRINA ZILBERMAN**, as personal representative of the Estate of Miroslav Steven Zilberman, and next friend, parent and natural guardian of **D._____ ZILBERMAN** and **S._____ ZILBERMAN**, minors, <br><br> Plaintiffs, <br><br> v. <br><br> **NORTHROP GRUMMAN CORPORATION**, ; **ROLLS ROYCE NORTH AMERICA, INC.**, **ALLISON ENGINE COMPANY, INC. a/k/a ALLISON ENGINE COMPANY a/k/a ROLLS-ROYCE CORPORATION**, **HAMILTON SUNDSTRAND CORPORATION**, and **UNITED TECHNOLOGIES CORPORATION** <br><br> Defendants. | **CIVIL NO.** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **APRIL 26, 2012** |

**DEFENDANTS HAMILTON SUNDSTRAND CORPORATION'S AND
UNITED TECHNOLOGIES CORPORATION'S NOTICE OF REMOVAL
UNDER 28 U.S.C. § 1442(a)(1) (FEDERAL OFFICER REMOVAL) AND 28 U.S.C. §§
1331, 1441(a) (FEDERAL QUESTION JURISDICTION)**

PLEASE TAKE NOTICE that defendants Hamilton Sundstrand Corporation and United

Technologies Corporation (hereinafter collectively referred to as "Hamilton" or "Defendants"),

hereby remove this case from the Superior Court of the State of Connecticut, Hartford Judicial

1

District at Hartford, pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1) and 1446. As more fully set forth below, this action is properly removable under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1), and 28 U.S.C. § 1441(a) because this Court has original federal question jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331.

# I.
## INTRODUCTION

1.   This case arises from the crash of a United States Navy E-2C Hawkeye, Coded A-601, Bureau Number 165508 (the "Aircraft") on March 31, 2010, that impacted waters of the North Arabian Sea in the Gulf of Oman[1] while returning from a Battle Management mission in support of OPERATION ENDURING FREEDOM[2] over the territories of Afghanistan and Pakistan (hereinafter referred to as the "Accident") (See Complaint, para. 29-30). At the time of the Accident, the Aircraft was assigned to the USS DWIGHT D. EISENHOWER (CVN-69), Carrier Air Wing SEVEN (CVW-7), Carrier Strike Group EIGHT, Carrier Airborne Early Warning Squadron 121 ("VAW-121"), nicknamed the "Bluetails." The Aircraft was call-signed "Bankroll 61" for this combat mission.

2.   Plaintiffs' Complaint At Law ("Complaint") dated March 26, 2012, is returnable to the Superior Court of the State of Connecticut, Hartford Judicial District at Hartford. The lawsuit is styled, <u>KATRINA ZILBERMAN as personal representative of the Estate of Miroslav Steven Zilberman, KATRINA ZILBERMAN as next friend, parent and natural guardian of D. ZILBERMAN and S. ZILBERMAN, Plaintiffs, v. NORTHROP GRUMMAN CORPORATION; ROLLS ROYCE NORTH AMERICA, INC.; ALLISON ENGINE COMPANY, INC.</u> a/k/a

---

[1]   The Accident occurred at LAT: 23 45 31N, LONG: 062 50 49 E, at approximately 1355 local time.
[2]   "OPERATION ENDURING FREEDOM" ("OEF") is the official name used by the United States Government for the War in Afghanistan. (Fact Sheet: Operation Enduring Freedom, U.S. Dep't State, Jan. 31, 2006, available at http://usinfo.org/wf-archive/2006/060131/epf207.htm).

ALLISON ENGINE COMPANY a/k/a ROLLS-ROYCE CORPORATION; HAMILTON SUNDSTRAND CORPORATION; UNITED TECHNOLOGIES CORPORATION, Defendants. The Complaint was served on Hamilton on March 28, 2012.  A true and correct copy of the summons and complaint served on March 28, 2012 are collectively attached and incorporated hereto as Exhibit "A" to this Notice of Removal.

      3.      This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1442(a)(1) (federal officer jurisdiction).  Because this Court has subject matter jurisdiction over this action, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

      4.      This action also is removable to this Court under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action based on the existence of a federal question pursuant to 28 U.S.C. § 1331.  Plaintiffs' claims involve the crash of a military aircraft during a military operation during OPERATION ENDURING FREEDOM.  United States military operations raise substantial federal issues.  See, e.g., McMahon v. Presidential Airways, Inc., 410 F. Supp. 2d 1189, 1201 (M.D. Fla. 2006); see also Scrogin v. Rolls-Royce Corp., 2010 U.S. Dist. LEXIS 85363, at *9-10 (D. Conn. Aug. 16, 2010).

      5.      As of the date of filing this Notice, all defendants have been served with the Complaint and all defendants have consented to and joined in this removal.  The consents and joinders of the defendants are collectively attached and incorporated hereto as Exhibit "B" to this Notice of Removal.  In any event, 28 U.S.C. § 1442(a) authorizes the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, such as Hamilton, to unilaterally remove causes of action like those set forth in plaintiffs' Complaint without the consent of any other defendant.  In re Franklin Nat'l Bank Sec. Litig., 532 F.2d 842, 846 (2d Cir. 1976); Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034-1035 (10th Cir. 1998); Pretlow v. Garrison, 420 Fed.Appx. 798, 800 (10th Cir. 2011); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253-1254 (9th Cir. 2006).

6. Venue of this removed action is proper pursuant to 28 U.S.C. §§ 1442(a) and 1446(b) because this Court is the United States District Court for the district and division embracing the place where the removed action was pending.

7. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because it is filed within thirty days of receipt by Hamilton, of a copy of plaintiffs' Complaint. Hamilton received plaintiffs' Complaint on March 28, 2012. As of the date of filing this Notice of Removal, all defendants have been served with the Complaint.

8. Pursuant to 28 U.S.C. § 1446(d), Hamilton is filing this Notice of Removal with this Court, serving a copy of this Notice upon plaintiffs' counsel and filing a copy in the Superior Court of Connecticut, Hartford Judicial District at Hartford.

9. Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.
## THIS ACTION IS REMOVABLE UNDER THE
## FEDERAL OFFICER REMOVAL STATUTE

This action is removable under the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1), because at all relevant times Hamilton was acting under an officer of the United States under color of such office. See Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999) ("Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."). The Federal Officer Removal statute "provides a right of removal independent of 28 U.S.C. § 1441 [and] is not keyed to the original jurisdiction of the federal district court." Ely Valley Mines inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1314 (9th Cir. 1981); In re Franklin Nat'l Bank Sec. Litig., 532 F.2d 842, 846 (2d Cir. 1976); Special Prosecutor of State of N.Y. v. U.S. Attorney for Southern Dist. of New York, 375 F.Supp. 797, 801 (S.D.N.Y. 1974).

The right to remove under this statute is "absolute" upon satisfying three elements: (1) the removing defendant is a "person" within the meaning of the Federal Officer Removal statute; (2) at all relevant times the removing defendant was acting under an officer of the United States under color of such office; and (3) the removing defendant asserts a colorable federal defense. Issacson v. Dow Chemical Co., 517 F.3d 129, 135 (2d Cir. 2008); Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998); DeMatties v. Acmat Corp., 2008 WL 4735145, *1 (D. Conn. 2008); Allen v. General Elec. Co., 2009 WL 2766583, *2 (D. Conn. 2009). Each element is satisfied in this case.

The Federal Officer Removal statute is broadly construed and "'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." Arizona v. Manypenny, 451 U.S. 232, 242 (1981). Accordingly, defendant "need not win his case before he can have it removed." Willingham v. Morgan, 395 U.S. 402, 407 (1969). The purpose of section 1442(a)(1) is to litigate the validity of the federal defense in federal court. Id. Thus, for purposes of removal, defendants need only demonstrate that the defense is "colorable" or "plausible." Magnin v. Teledyne Continental Motors, 91 F.3d 1424, 1427 (11th Cir. 1996).

### A.     Hamilton is a "Person" Within the Meaning of the Federal Officer Removal Statute

It is well settled that private corporate entities, such as Hamilton, qualify as "persons" within the meaning of the Federal Officer Removal statute. See e.g. Issacson, 517 F.3d at 136; Winters, 149 F.3d at 398; Allen, 2009 WL 2766583 at *2.

### B.     Hamilton was "Acting Under" an Officer of the United States

The second prong requires defendants to show that the acts complained of were taken "under color of [federal] office." 28 U.S.C. § 1442(a)(1). "[T]his second prong has come to be known as the causation requirement." Issacson, 517 F.3d at 137. "The hurdle erected by this requirement is quite low….", and "[d]efendants must only establish that the act that is the subject

5

of Plaintiffs' attack … occurred *while* Defendants were performing their official duties." Id. at 137-38.

Plaintiffs allege that Hamilton was "the designer, manufacturer, seller, supplier and systems integrator of the New Propeller 2000, also known as the New Prop 2000, also known as the NP2000," (Complaint ¶ 6, Ex. "A" to this Notice of Removal); that "[t]he NP2000 propeller contains a critical and gravely dangerous defect where it will not feather if and when an engine failure occurs." (Complaint ¶ 17, Ex. "A" to this Notice of Removal.) Plaintiffs also allege that the NP2000 propeller was defective because of Hamilton's dangerous and defective "design," "manufacture," "systems integration," "instructions," "warnings," "operating limitations," "operating procedures," and "emergency procedures." (Complaint ¶ 70.a. – j., Ex. "A" to this Notice of Removal.)

The NP2000 propellers were produced for the United States Navy in accordance with Navy requirements. (Affidavit of Charles L. DeGeorge ¶ 4-5, Ex. "A", Material Inspection and Receiving Report Forms DD 250 ["DD250"].) As noted by the DD250 and supporting documents, the contract relates to the NP2000 propeller and components at issue. The DD250 shows that Hamilton delivered the subject NP2000 propeller and components to the Navy on November 21, 2003, and that a representative of the Navy accepted them. (DeGeorge Aff., Ex. "A", DD250.)

All of Hamilton's activities with respect to the NP2000 propeller, including concerning technical manuals, were developed under close government supervision pursuant to comprehensive and detailed specifications provided and/or approved by the United States Government and its officers. For example, Hamilton manufactured the NP2000 propeller for the United States Government under and in strict accordance with a military procurement contract issued by the U.S. Navy, Federal Procurement Instrument (Contract No.) N00383-95-G-004A. (Affidavit of Kenneth L. Ridley, Ex. "B", Government Contract.) This contract incorporates a multitude of precise military specifications, federal standards, military standards, Department of Defense ("DoD") standards, Technical Specifications, Statements of Work, Development

Schedules, other government publications and certain other contractor documents, all of which, taken together, constitute the specifications for the NP2000 propeller. These specifications called out every design detail and controlled the design and manufacture of the NP2000 from the largest components (such as the Hub and Retention, Blades, Spinner, Bulkhead and Slipring) right down to the smallest components and non-hardware aspects of the NP2000 (such as the Electronic Valve Housing, the Pitch Change Actuator, Pitchlock Valve and software for the NP2000 propeller).

Accordingly, Hamilton was "acting under" an officer of the United States when it designed and manufactured the NP2000 propeller. See Isaacson, 517 F.3d 129, 138 ("In light of the broad interpretation that we must afford the requirement that there be a causal connection between Defendants' federal duties and the conduct for which they are being sued, Defendants have satisfied the 'acting under' prong of the statute.") Hamilton's actions at each stage of the design and manufacture of the NP2000 propeller are inseparable from pervasive government specifications, involvement, regulation and oversight, and a clear nexus exists between Hamilton's alleged actions at the direction of the United States Government and plaintiffs' claim for relief.

### C. Hamilton Asserts Four Colorable Federal Defenses

Hamilton asserts four "colorable" federal defenses to plaintiffs' Complaint. See Mesa v. California, 489 U.S. 121, 133 (1989); Jefferson County, 527 U.S. at 431.

First, Hamilton invokes the "government contractor defense" because the NP2000 and its component parts were designed and manufactured in conformity with specifications provided and/or approved by the United States Government; and Hamilton conveyed to the Navy all relevant known dangers concerning NP2000. (See DeGeorge Aff., Ex. "A" (DD250); Ridley Aff. Ex. "B", (Contract.)  See Boyle v. United Technologies Corporation, 487 U.S. 500 (1988); Issacson, 517 F.3d at 138-140; Butler v. Ingalls Shipbuilding, Inc., 89 F.3d 582 (9th Cir. 1996); Hudgens v. Bell Helicopter/Textron, 328 F.3d 1329 (11th Cir. 2003); Kerstetter v. Pacific

Scientific Co., 210 F.3d 431 (5th Cir. 2000); Tate v. Boeing Helicopters, Inc., 140 F.3d 654 (6th Cir. 1998); Tate v. Boeing Helicopters, 55 F.3d 1150 (6th Cir. 1995); Harduvel v. Gen. Dynamics Corp., 878 F.2d 1311 (11th Cir. 1989); Ramey v. Martin Baker Aircraft Co., 874 F.2d 946 (4th Cir. 1989). In addition, Navy control over procurement of military equipment, including the subject aircraft and NP2000, extends to technical information and instructions. (DeGeorge Aff., ¶ 5) Regardless, the Navy determines its own procedures concerning Naval flight operation and procedures, and exclusively communicates such procedures to its aircrew. See e.g. Emory v. McDonnell Douglas Corp., 148 F.3d 347, 351 (4th Cir. 1998) ("Since the manuals were first developed, the Navy has retained complete control over their text.")

Second, Hamilton invokes the state secrets privilege. See United States v. Reynolds, 345 U.S. 1, 7-8 (1953); Clift v. United States, 597 F.2d 826, 828-829 (2d Cir. 1979); and Zuckerbraun v. General Dynamics Corp., 935 F.2d 544, 546-547 (2d Cir. 1991). The E-2C Hawkeye Aircraft provides Battle Management, tactical Airborne Early Warning capability, and Command and Control for armed forces during wartime. Here, the Accident occurred during a combat sortie in support of military operations in Afghanistan, and all four occupants were U.S. Naval Aviators or Flight Officers.[3] (Complaint ¶¶ 29 – 31, Ex. "A" to this Notice of Removal.) Information relevant to the issues herein may, therefore, be state secrets about which the Government might assert a privilege, thereby impairing Hamilton's ability to defend itself in this matter.

Third, Hamilton invokes the Political Question Doctrine. See Baker v. Carr, 369 U.S. 186, 217-218 (1962); Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1296 (11th Cir. 2009) (dismissing negligence claims related to operation of a military convoy); Taylor v. Kellogg Brown & Root Services, Inc., 658 F.3d 402, 411-412 (4th Cir. 2011) (affirming dismissal on political question grounds where assessing the contributory negligence defense and the reasonableness of plaintiffs' conduct would cause the court to evaluate the reasonableness of

---

[3] The occupants included the Pilot / Mission Commander (MC) (Lt. Zilberman), a Co-pilot, a Combat Information Center Officer (CICO), and a Radar Officer (RO).

military decisions). Claims such as those asserted by plaintiffs involving the death of a military pilot during a combat sortie in wartime, present a non-justiciable political question, because the contributory negligence and comparative fault of the pilot (decedent) and the U.S. Navy will need to be evaluated. See Bentzlin v. Hughes Aircraft Co., 833 F.Supp. 1486, 1497-1498 (C.D. Cal. 1993).

Fourth, Hamilton relies upon the combatant activities exception to the Federal Tort Claims Act ("FTCA"). The FTCA contains a limited waiver of sovereign immunity, except sovereign immunity is expressly retained for "[a]ny claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war." 28 U.S.C. § 2680(j). Claims such as those asserted by plaintiffs, involving the deaths of members of the armed forces during wartime, are barred by the combatant activities exception to the FTCA, as against the United States Government, and as against contractors working under the authority and direction of the United States Government. Flanigan v. Westwind Technologies, Inc., 648 F.Supp.2d 994, 1007 (W.D. Ten. 2005).

### III.
### THIS ACTION IS REMOVABLE BECAUSE THIS COURT HAS ORIGINAL FEDERAL QUESTION JURISDICTION OVER PLAINTIFFS' CLAIMS.

This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action based on the existence of a federal question pursuant to 28 U.S.C. § 1331. Plaintiffs' claims involve the crash of a military aircraft during a military operation during OPERATION ENDURING FREEDOM. United States military operations raise substantial issues of federal law. See e.g., McMahon v. Presidential Airways, Inc., 410 F. Supp. 2d 1189, 1201 (M.D. Fla. 2006) (holding removal proper on grounds that involvement of government contract and U.S. military operations created substantial federal issues); see also Scrogin v. Rolls-Royce Corp., 2010 U.S. Dist. LEXIS 85363, at *9-10 (D. Conn. Aug. 16. 2010) (same).

Moreover, plaintiffs bring several claims for alleged breaches of procurement contracts between defendants and the United States Government.  <u>See</u> Complaint, Counts III, IV, VIII, IX, XIII, XIV.  "Civil liabilities arising out of the performance by a private contractor of federal procurement contracts are governed by federal common law."  <u>Sec'y of State for Defence v. Trimble Navigation Ltd</u>., 484 F.3d 700, 705-06 (4th Cir. 2007).  As a result, these breach-of-contract claims provide independent grounds for federal jurisdiction.  <u>National Farmers Union Ins. Cos. v. Crow Tribe of Indians</u>,  471 U.S. 845, 850 (1985) ("It is well settled that th[e] statutory grant of jurisdiction [under 28 U.S.C. § 1331] will support claims founded upon federal common law as well as those of a  statutory origin.").

## IV.
## CONCLUSION

For the foregoing reasons, this case is properly removed from the Superior Court of Connecticut, Hartford Judicial District, to this federal district Court based on the Federal Officer Removal statute and federal question jurisdiction.

**DEFENDANTS HAMILTON SUNDSTRAND CORPORATION and UNITED TECHNOLOGIES CORPORATION**

By: /s/ James H. Rotondo
     James H. Rotondo  (ct05173)
For: Day Pitney LLP
     242 Trumbull Street
     Hartford, CT 06103
     Telephone:  (860) 275-0100
     Facsimile:   (860) 275-0343
     *jhrotondo@daypitney.com*
     Their Attorney

Case 3:12-cv-00621-WWE   Document 1   Filed 04/26/12   Page 11 of 11

**CERTIFICATION**

I hereby certify that a copy of the above was mailed this date, postage prepaid, to:

James W. Walsh
Bennett & Walsh
103 Main Street
Ansonia, CT 06401

Arthur Alan Wolk
The Wolk Law Firm
1710-12 Locust Street
Philadelphia, PA 19103
215-545-4220 P
215-545-5252 F
airlaw@airlaw.com

*Attorneys for Katrina Zilberman, et al*

Stephen M. Cowherd
Jeffers Cowherd P.C..
55 Walls Drive
Fairfield, Connecticut 06824
(203) 259-7900; (203) 259-1070 Fax
E-mail:  SCowherd@jeffers-law.com

Randal R. Craft
Holland Knight, LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3411; (212) 385-9010 Fax
E-mail:  randal.craft@hklaw.com

Gary L. Halbert
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006
(202) 469-5150; (202) 955-5564 Fax
E-mail:  gary.halbert@hklaw.com

*Attorneys for Northrop Grumman Corporation*

Steven E. Arnold
Stanger & Arnold, LLC
433 South Main Street, Suite 112
West Hartford, Connecticut 06110
(860) 561-0615; (860) 561-0646 Fax
E-mail:  sea@SAlaw.us

J. Denny Shupe
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103-7286
(215) 751-2300; (215) 972-7413
Email:  dshupe@schnader.com

Robert J. Williams
Schnader Harrison Segal & Lewis LLP
Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, Pennsylvania  15222-3001
(412) 577-5291
Email:  rwilliams@schnader.com

*Attorneys for Rolls Royce North America, Inc. and Rolls Royce Corporation*

Alan H. Collier
Darrell M. Padgette
Fitzpatrick & Hunt
Tucker, Collier, Pagano, Aubert, LLP
633 West Fifth Street, 60th Floor
Los Angeles, California 90071
(213) 873-2100; (213) 873-2125 Fax
E-mail:  alan.collier@fitzhunt.com
E-mail:  darrell.padgette@fitzhunt.com

*Attorneys for Hamilton Sundstrand Corporation and United Technologies Corporation*

    /s/ James  H. Rotondo
       James H. Rotondo

11